IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY SOMORA,

      Plaintiff,

v.                                                                                 No. CIV-06-1094 MV/WPL

PUBLIC DEFENDERS OFFICE OF
ALB NEW MEXICO,
ATTORNEY JACKY COOPER,
ATTORNEY JOHN BIGELOW,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has filed a financial certificate which the Court construes as a motion for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human*

*Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names as Defendants a state public defender and an assistant public defender assigned to represent Plaintiff in a state criminal prosecution.  The New Mexico Public Defender Office is also a named Defendant.  Plaintiff alleges that Defendant Cooper violated his right to a speedy trial by agreeing to the prosecutor's requests for extensions of time.  No separate allegations are made against the Defendant Bigelow or the Public Defender Office.  The complaint seeks damages and certain equitable relief.

Plaintiff's allegations fail to state claims on which relief can be granted against Defendants Cooper and Bigelow.  A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  In the absence of a factual basis for either element a complaint does not state a claim under § 1983.  *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law").  Case law is clear that a public defender undertaking a defense does not act under color of state law for purposes of § 1983.  *See Polk County*, 454 U.S. at 325; *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).  The Court will dismiss Plaintiff's claims against Defendants Cooper and Bigelow.

Nor is relief available on Plaintiff's claims against Defendant New Mexico Public Defender

Office. "As we explained in *Harris*[, 51 F.3d at 905-06], 'a governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes. Having sued [the Public Defender Office], [Plaintiff] has failed to state a claim against a person covered by section 1983." *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000). "In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). The Court will dismiss Plaintiff's § 1983 complaint with prejudice. *But see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court").

IT IS THEREFORE ORDERED that Plaintiff's financial certificate, construed herein as a motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 5), is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff is required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and, in accordance with Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE